UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAIN PENICK,

    **Plaintiff,**

v.

    CASE NO.:

CAL-MAINE FOODS, INC.,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dwain Penick, by and through undersigned counsel, brings this action against Defendant, Cal-Maine Foods, Inc., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for and for declaratory relief, for violations of the 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction of Plaintiff's state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Polk County.

### PARTIES

4. Plaintiff is a resident of Polk County, Florida.

1

5. Defendant operates an egg production and supplier company in Lake Wales, in Polk County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant.

10. Plaintiff is a member of a protected class of persons under Section 1981.

11. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

12. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

13. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

14. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e et seq.

15. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

16. Plaintiff began working for Defendant on February 2020 as a Gate Security personnel, and he worked in this capacity until August 26, 2020.

17. Plaintiff is an African-American male.

18. Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of the FCRA.

19. Plaintiff performed the job for which he was hired in a satisfactory manner.

20. Plaintiff was only one of two Black employees at Defendant's worksite.

21. Other non-white workers are actually inmates brought in to do work for Defendant.

22. Plaintiff's superiors are also not Black.

23. In July 2020, Plaintiff's Supervisor, Donny (Caucasian) touched Plaintiff on his chest three times with the back of his hand. Plaintiff requested that Donny not touch him.

24. Plaintiff also reported this to the Production Manager, Collin (Caucasian or Hispanic), and Donny was sent home.

25. On August 26, 2020, Collin pulled up to Plaintiff in his vehicle and said to Plaintiff, "Man off the clock, I have to ask you a question." Collin then asked Plaintiff "do you smoke pot?" Plaintiff stated he did not smoke marijuana.

26. Collin then asked Plaintiff, "If I send you to take a drug test would you be willing to take it?" Plaintiff said "yes, let's do it."

27. Collin then said "I would hate to waste the company's money, your time and mine, so I am just going to say that I am suspicious of you smoking weed and I am just going to let you go."

28. Plaintiff went to get the Bio Security Manager and asked if she had smelled marijuana when she went into the trailer where Plaintiff works only thirty minutes or so ago. The Bio Security Manager said "no."

29. Plaintiff asked her and her Supervisor and asked them to come into the trailer and smell and see if the trailer smelled like marijuana. Everyone said that no one smelled anything.

30. Nonetheless, Collin continued to accuse Plaintiff, the only Black male employee, of smoking marijuana.

31. Plaintiff offered to go take the drug test right then and there so that he could clear things up.

32. However, Collin resisted allowing Plaintiff to prove his innocence and told Plaintiff "I don't think I am going to find a drug test lab that will be open due to Covid."

33. Collin then told Plaintiff "Well ok, go get a drug test done and bring me back the results." Plaintiff replied, "Okay, if the company pays for it, I can go and get tested."

34. However, Collin again resisted and refused to pay for the drug test and instead, terminated Plaintiff's employment.

35. In reality, Plaintiff was discriminated against because of his race and was retaliated against because he complained about the discrimination.

36. Thus, Plaintiff was subjected to disparate treatment on the basis of his race.

37. Plaintiff complained about this discrimination to Defendant by resisting Collin's attempts to say he had smoked marijuana and asking for a test to be done to prove his innocence.

38. In response, Defendant took no remedial action.

39. Instead, on or about August 26, 2020, Defendant terminated Plaintiff's employment in retaliation for complaining about the racial discrimination.

### COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

40. Plaintiff realleges and readopts the allegations of Paragraphs 1-13 and 16-39 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class of persons under Section 1981.

42. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

43. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

44. Defendant's actions were willful and done with malice.

45. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

46. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

47. Plaintiff realleges and readopts the allegations of Paragraphs 1-13 and 16-39 of this Complaint, as though fully set forth herein.

48. Plaintiff is a member of a protected class of persons under Section 1981.

49. By making a complaint to Defendant about the racial discrimination, Plaintiff engaged in protected activity under Section 1981.

50. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

51. Defendant's actions were willful and done with malice.

52. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

53. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to

experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

54. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT III – TITLE VII VIOLATION**
## **(DISCRIMINATION)**

55. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 14, and 16-39 of this Complaint, as though fully set forth herein.

56. Plaintiff is a member of a protected class under Title VII.

57. Plaintiff was subjected to disparate treatment on the basis of her religion.

58. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

59. Defendant's actions were willful and done with malice.

60. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendant;

    d) Compensation for lost wages, benefits, and other remuneration;

    e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)     Any other compensatory damages, including emotional distress, allowable at law;

    g)     Punitive damages;

    h)     Prejudgment interest on all monetary recovery obtained.

    i)     All costs and attorney's fees incurred in prosecuting these claims; and

    j)     For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

61. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 14, and 16-39 of this Complaint, as though fully set forth herein.

62. Plaintiff is a member of a protected class under Title VII.

63. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

64. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

65. Defendant's actions were willful and done with malice.

66. In terminating her employment, Defendant took material adverse action against Plaintiff.

67. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;
- d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;
- e) Compensation for lost wages, benefits, and other remuneration;
- f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;
- g) Front pay;
- h) Any other compensatory damages, including emotional distress, allowable at law;
- i) Punitive damages;
- j) Prejudgment interest on all monetary recovery obtained.
- k) All costs and attorney's fees incurred in prosecuting these claims; and
- l) For such further relief as this Court deems just and equitable.

## **COUNT V – FCRA VIOLATION**
**(DISCRIMINATION)**

68. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 15-39 of this Complaint, as though fully set forth herein.

69. Plaintiff is a member of a protected class under the FCRA.

70. Plaintiff was subjected to disparate treatment on account of his race, including terminating Plaintiff's employment.

71. Defendant's actions were willful and done with malice.

72. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

*WHEREFORE*, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and this Court take jurisdiction over the case;

m) Compensation for lost wages, benefits, and other remuneration;

n) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

o) Any other compensatory damages, including emotional distress, allowable at law;

p) Punitive damages;

q) Prejudgment interest on all monetary recovery obtained.

    r)    All costs and attorney's fees incurred in prosecuting these claims; and

    s)    For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

73. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 15-39 of this Complaint, as though fully set forth herein.

74. Plaintiff is a member of a protected class under the FCRA.

75. Plaintiff engaged in protected activity under the FCRA by terminating Plaintiff's employment.

76. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

77. Defendant's actions were willful and done with malice.

78. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

79. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    m)    A jury trial on all issues so triable;

    n)    That process issue and that this Court take jurisdiction over the case;

    o)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

p) Compensation for lost wages, benefits, and other remuneration;

q) Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;

r) Front pay;

s) Any other compensatory damages, including emotional distress, allowable at law;

t) Punitive damages;

u) Prejudgment interest on all monetary recovery obtained.

v) All costs and attorney's fees incurred in prosecuting these claims; and

w) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of May, 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**

14

        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**